**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

            **Plaintiff,**

            **v.**                              **06-CR-47A(Sr)**

**JOHN R. ELSBERRY, JR.,**

            **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, John R. Elsberry, Jr. ("the defendant"), is charged in a multicount indictment with having violated Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket #1).  He has filed an omnibus motion wherein he seeks: (1) "pretrial disclosure of all Brady material;" (2) "revelation of identity of informants;" (3) "pretrial disclosures of evidence proffered under Rule 404(b) and the exclusion of any such evidence found to be inadmissible;" (4) "discovery pursuant to Rule 16 and notice of intention pursuant to Rule 12(b)(4)(B);" (5) a bill of particulars; (6) preservation of evidence; (7) "government disclosure of Rule 807 - residual exception statements;" (8) severance of Count 1 of the indictment from Counts 2 and 3; and (9) permission to file additional motions.

(Docket #10). The defendant has also filed a "motion to controvert a search warrant" and motions to "suppress physical evidence" and "any statements allegedly made" by the defendant. (Docket #10).

The government has filed its response in opposition to these requests of the defendant. (Docket #11).

The defendant's motions to controvert a search warrant and suppress evidence, as well as the motion for a severance, will be separately addressed by this Court in a separate Report, Recommendation and Order. Each of the other aforesaid requests of the defendant will be addressed herein.

## DISCUSSION AND ANALYSIS

**1.   Defendant's Request for *Brady, Giglio* and *Jencks* Material:**

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

Counsel for the government has acknowledged his responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases and has stated that the government does not possess any exculpatory material within the contemplation of

*Brady*.  (Docket #11, p. 3).  The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial.  As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id*. at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**2.      Defendant's Request For "Revelation Of Informants' Identity:"**

The defendant requests that the government be directed to identify all informants on whom the government has relied or will rely in any way in its investigation and/or prosecution of this case and disclosure of information received from informants. However, the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even marginal value to the defendant's case."  As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988) is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628.  The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628.  What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.*  Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.*  See *Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409

> (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id*., and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is DENIED.

### 3. Defendant's Request For Pretrial Disclosure Of Evidence Offered Under Rule 404(b) F.R.E.:

The defendant seeks disclosure "of any other evidence which the government will seek to proffer at trial and for the exclusion of any such proffered evidence found to be inadmissible pursuant to Federal Rules of Evidence 403 and 404(b)." (Docket #10, p. 11, ¶ 27).

In response, the government states "that it does not intend, at the present time, to utilize in its case-in-chief at a trial of this indictment evidence of any prior similar acts of the defendant or convictions of the defendant of a similar nature to the charges in this case" but that it "does intend to utilize the defendant's prior felony convictions in order to prove a necessary element of the violation of Title 18, United States Code, Section 922(g)(1)." (Docket #11, p. 5).

Based on the aforesaid representations of the government, the defendant's request is DENIED on the basis that it is moot.

### 4. Defendant's Request For Production Of Rule 16, Fed. R. Crim. P. Materials And Information:

The defendant has requested production of various documents and tangible objects as well as various scientific reports and laboratory analyses and disclosure of the government's proposed experts in this regard. The defendant has also requested production of any and all statements which the government will attribute

to him in the prosecution of this case along with his criminal record and history of prior bad acts.

The government has stated in response to these requests of the defendant that it "has previously disclosed to the defense all material within its possession that is discoverable pursuant to Federal Rules of Criminal Procedure 16." (Docket #11, p 8). As a result of this representation, the defendant's request is DENIED on the basis that it is moot.

### 5. Defendant's Request For A Bill Of Particulars:

The defendant has moved pursuant to Rule 7(f) of the Fed. R. Crim. P. for a bill of particulars containing a detailed description of the times, places, events and circumstances relating to each count set forth in the indictment herein.

The government responds that "several of the requests" of the defendant for particulars "have already been addressed by the government's discovery and by [its] response." (Docket #11, p. 9).

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273

U.S. 77 (1927).  The charges in Counts 1, 2 and 3 of the Indictment, along with the discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crimes charged.  As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests within the sound discretion of the district court."  *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574.  "Acquisition of evidentiary detail is not the function of the bill of particulars."  *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

### 6.   Defendant's Request For "Preservation Of Evidence:"

The defendant seeks to have all evidence "relating in any way to this indictment" preserved.  This is an overly broad request for which there is no legal support.  However, in the body of this particular request, it appears that the defendant is attempting to have all potential Rule 16 and *Jencks* materials preserved.  The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing

this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction. *United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

Counsel for the government has stated that the government "has no intention to 'destroy, alter or misplace' any evidence, tangible papers, reports, law enforcement agents' notes, etc." and that it "will preserve all evidence including, notes of the arresting officers with regards (sic) to this case."  (Docket #11, p. 10).  Therefore, the defendant's motion is DENIED.

### 7. Defendant's Request For Disclosure Of Rule 807 F.R.E. Evidence:

The defendant requests "disclosure of residual statements pursuant to Rule 807 [F.R.E]."  (Docket #10, p. 21, ¶ 55).

This request is DENIED on the basis that it is moot by reason of the requirements contained within Rule 807 of the F.R.E. wherein it is specifically stated:

> However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

### 8. Defendant's Request For Permission To File Additional Motions:

The defendant requests the "right to make further motions based upon the government's providing to the defense any and all information requested herein as well as any orders which this Court may issue at any later time." (Docket #10, p. 29, ¶ 93). This request is GRANTED subject to the limitations as contained in the aforesaid quote.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

        S/ H. Kenneth Schroeder, Jr.
        **H. KENNETH SCHROEDER, JR.**
        **United States Magistrate Judge**

**DATED:**     **Buffalo, New York**
              **May 29, 2007**