**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
────────────────────────────────────

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                **06-CR-47A(Sr)**

**JOHN R. ELSBERRY, JR.,**

        **Defendant.**
────────────────────────────────────

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, John R. Elsberry, Jr. ("the defendant"), is charged in a multicount indictment with having violated Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket #1).  He has filed a motion wherein he seeks: (1) suppression of evidence seized from the premises located at 247 83rd Street, Niagara Falls, New York pursuant to a search warrant (Docket #10, pp. 22-26; ¶s 58-78); (2) suppression of evidence seized from the premises located at 3231 Porter Road, Niagara Falls, New York by members of the United States Probation Office ("USPO"); (3) suppression of "any statements made by the defendant Chen (sic) to the charges which have been filed against him" (Docket #10, p. 28, ¶ 90); and (4) severance of the "first count of the

indictment from the second and third counts of the indictment."  (Docket #10, p. 29,

¶ 94).

The government has filed its opposition to these requests.  (Docket #11).

## **FACTS**

On June 7, 2001, a Judgment In A Criminal Case entitled *United States of America v. John Elsberry, a/k/a "Juice,"* 99CR00121-009 was entered against the defendant herein by the Hon. Richard J. Arcara which provided for a three year period of supervised release upon his release from imprisonment with various terms and conditions of release imposed.  (*See* Docket #11, Exhibit 5 attached thereto, pp. 33-36). One of the specific provisions of supervised release was that "the defendant shall not possess a firearm, destructive device, or any dangerous weapon."  (Docket #11, Exhibit 5 attached thereto, p. 35).  The defendant was also required to "notify the probation officer at least ten days prior to any change in residence or employment" and was obligated to "submit to a search of his person, property, vehicle and place of residence conducted as determined by the U.S. Probation Officer."  (Docket #11, Exhibit 5 attached thereto, p. 36).  Thereafter, the defendant was released from his term of imprisonment and was on supervised release in December of 2005 subject to the aforesaid conditions of supervised release, and he advised the USPO that his place of residence was 3231 Porter Road, Niagara Falls, New York.

In November and December of 2005, Niagara Falls Police Detectives Joseph Giaquinto and John Galie, with the assistance of a confidential informant, conducted an investigation relating to the defendant and determined that the defendant had been "entering and remaining at the residence of 247 83rd Street, Niagara Falls, New York, that being the residence of the defendant's girlfriend, and that the defendant was storing a number of handguns at this residence. (Docket #11, Exhibit 2 attached thereto, p. 27). Detectives Giaquinto and Galie presented the aforesaid confidential informant to the Hon. Robert M. Restaino, City Court Judge, City of Niagara Falls, New York, along with their joint affidavit and application on December 7, 2005 for purposes of obtaining a search warrant for the premises located at 247 83rd Street, Niagara Falls, New York. (Docket #11, Exhibit 2 attached thereto). Judge Restaino administered oaths to the confidential informant and Detectives Giaquinto and Galie and examined them under oath regarding the application for the search warrant for the search of the premises located at 247 83rd Street, Niagara Falls, New York. This *in camera* proceeding was recorded by an official court reporter and thereafter transcribed. A copy of the transcript of this proceeding was prepared and submitted to this Court for an *in camera* inspection as part of the government's response to the defendant's motion to suppress evidence.[1] Upon conclusion of this *in camera* proceeding, Judge Restaino issued a search warrant authorizing a search of the premises located at 247 83rd Street, Niagara Falls, New York. (Docket #11, Exhibit 2 attached thereto).

---

[1] The transcript has been filed under seal by this Court and has been given Docket #26.

A search of the premises at 247 83rd Street, Niagara Falls, New York was conducted on December 7, 2005 and a firearm and ammunition, which are the subject of Count 1 of the indictment herein, were found and seized, and the defendant was arrested by the Niagara Falls Police.  This arrest and seizure of the weapon and ammunition became known by the USPO, and as a result, supervisory approval was obtained by the defendant's probation officer authorizing a USPO search of the last known residence of the defendant, to wit, 3231 Porter Road, Niagara Falls, New York. (*See* Docket #11, Exhibit 5 attached thereto, pp. 31-32).

On December 13, 2005, "a search pursuant to special condition of supervised release was conducted at the reported residence of [the defendant] at 3231 Porter Road in Niagara Falls, New York" and a "20 gauge Mossberg shotgun" and "a professional box of .22 caliber shells" were found and seized from the second floor bedroom of the defendant.  (Docket #11, Exhibit 4, attached thereto).  This weapon and the ammunition are the subjects of Counts 2 and 3 of the indictment herein.

## DISCUSSION AND ANALYSIS

### 1.    The Search And Seizure From 247 83rd Street:

The defendant argues that in the search warrant issued by Judge Restaino (Docket #11, Exhibit 2 attached thereto), "there is no reference by Judge Restaino indicating that the informant had ever, in fact, been brought before him" and that since "the officers stated in their application for the search warrant, the informant

was of 'unknown reliability,'" there was no legal basis for the issuance of the search warrant.

This argument fails since this Court has been supplied with a transcript of the *in camera* proceedings before Judge Restaino.  (Docket #26).  A review of that transcript unequivocally establishes that the informant was placed under oath by Judge Restaino on December 7, 2005, as were Detectives Giaquinto and Galie, and then questioned by the judge so as to allow him to determine whether probable cause existed for the issuance of the search warrant in question.  The informant testified as to his/her knowledge of the defendant and his/her familiarity with the premises located at 247 83rd Street, Niagara Falls, New York and the location as to where the defendant stored weapons in the premises.  The informant further acknowledged seeing weapons at the premises and engaging in conversation with the defendant about them recently before December 7, 2005.

The detectives described their investigation of the defendant to Judge Restaino during the *in camera* proceeding in addition to what was contained in their joint affidavit submitted to Judge Restaino in support of the application for the search warrant for the premises located at 247 83rd Street, Niagara Falls, New York.  Judge Restaino expressly found that "based upon the information that has been provided, [he] find[s] that there is sufficient cause to issue the warrant . . . for the premises located at 247 83rd Street."  (Docket #26).

-5-

This Court's review of the joint affidavit of Detectives Giaquinto and Galie, along with the sworn testimony presented to Judge Restaino on December 7, 2005, causes me to conclude that there was sufficient probable cause for the issuance of the search warrant authorizing the search of the premises located at 247 83rd Street, Niagara Falls, New York.

"In determining what constitutes probable cause to support a search warrant when the warrant is based upon information obtained through the use of a confidential informant, courts assess the information by examining the 'totality of circumstances' bearing upon its reliability." *United States v. Smith*, 9 F.3d 1007 (2d Cir. 1993), *citing Illinois v. Gates*, 462 U.S. 213, 230-31 (1984) *and Rivera v. United States*, 928 F.2d 592, 602 (2d Cir. 1991).  "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gate*s, 462 U.S. at 238.  "A magistrate's determination of probable cause should be paid great deference by reviewing courts." *Smith*, 9 F.3d at 1012.  Thus, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.  *Gates*, 462 U.S. at 238-39.

The fact that the confidential informant spoke to Judge Restaino in person and under oath increases his/her reliability because he/she "runs the greater risk that

he[/she] may be held accountable if his[/her] information proves false." *United States v. Salazar*, 945 F.2d 47, 50-51 (2d Cir. 1991).

Upon review of the transcript of the testimony of Detectives Giaquinto and Galie and the confidential informant before Judge Restaino, the Court is satisfied that the warrant is supported by probable cause. The detectives and the confidential informant were placed under oath. The confidential informant's testimony was based upon personal knowledge of events which transpired in temporal proximity to the warrant application and contained admissions against his/her own interests. Judge Restaino observed the confidential informant's demeanor and questioned his/her motivation.

Even if the warrant application is not supported by probable cause, suppression of evidence obtained pursuant to a search warrant is an appropriate remedy only if law enforcement's reliance upon the search warrant was objectively unreasonable, *i.e.*, the officer lacked "objective good faith" in the validity of the warrant. *See United States v. Leon*, 468 U.S. 897, 923 (1984); *United States v. Cancelmo*, 64 F.3d 804, 807 (2d Cir. 1995). In the instant case, however, there is nothing to suggest that Detectives Giaquinto and Galie's reliance upon the warrant was unreasonable. They presented the confidential informant to Judge Restaino for examination; Judge Restaino questioned the confidential informant's basis of knowledge and motivation and questioned the detectives regarding their investigation and the extent to which the information presented to them had been corroborated by other sources; the information presented to Judge Restaino provides at least an indicia of probable cause; and the

defendant does not challenge the face of the warrant itself.  *Cf. Cancelmo*, 64 F.3d at 807.  Accordingly, even if Judge Restaino's finding of probable cause could be deemed erroneous, suppression would not "logically contribute to the deterrence of Fourth Amendment violations" and would not, therefore, be appropriate.  *Leon*, 468 U.S. at 921.  As a result, it is hereby RECOMMENDED that defendant's motion to suppress the evidence seized from 247 83rd Street, Niagara Falls, New York pursuant to the search warrant of December 7, 2005 be DENIED.

###     2.    The Search And Seizure From 3231 Porter Road, Niagara Falls, New York:

The defendant argues that "because the premises [at 3231 Porter Road] were an unreported premises from which it was not likely that contraband could be located, the search of the premises was improper."  (Docket #10, p. 27, ¶ 82).  This Court does not understand what the defendant means or in what context he is using the phrase "unreported premises" to support his argument to suppress evidence.  Counsel for the defendant misstates what the USPO "request for search" (Docket #11, Exhibit 5 attached thereto) describes as an "unreported premises."  (*See* Docket #10, p. 27, ¶ 81 wherein it is stated: "The request was made to search at 3231 Porter Road, Niagara Falls, New York which alleged that the premises was an unreported premises").  A review of the "request for search" (Docket #11, Exhibit 5 attached thereto) clearly establishes that the probation officer was referring to 247 83rd Street, Niagara Falls, New York as being an "unreported residence" of the defendant as well as that of defendant's girlfriend, Jennifer Pamitoni.

The premises at 3231 Porter Road, Niagara Falls, New York were considered the residence of the defendant while on supervised release by the USPO (Docket #11, p. 15; *see also* Exhibits 4 and 5 attached thereto).  Since one of the conditions of supervised release of the defendant provided that the USPO could conduct a search of the defendant's "place of residence" (Docket #11, Exhibit 5 attached thereto, pp. 36 and 39 attached thereto), the search of the defendant's reported place of residence, to wit, 3231 Porter Road, Niagara Falls, New York, was lawful.

The Second Circuit Court of Appeals has expressly ruled on the issue of supervised release of a defendant and the diminishment of Fourth Amendment rights while on such supervised release in *United States v. Reyes*, 283 F.3d 446 (2d Cir. 2002) wherein the court held:

> 1.   The United States Probation Office functions as a legally constituted arm of the judicial branch, with federal probation officers serving both as confidential advisors to, and officers of, the United States District Court.  *See United States v. Inserra*, 34 F.3d 83, 88 (2d Cir. 1994); *see also* 18 U.S.C. § 3602(a).
>
> 2.   Federal probation officers overseeing convicted persons serving terms of federal supervised release are charged with monitoring a supervisee's adherence to the conditions of his release, *see* 18 U.S.C. §§ 3603(2), (4), which includes the requirement that the supervisee not commit further crimes, 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(a)(1).
>
> 3.   A United States probation officer conducting a court-imposed *home visit* of a convicted person serving a term of federal supervised release is not subject to the probable cause requirements of the Fourth Amendment that would ordinarily apply to law enforcement officers executing a

search warrant for an individual's home, *Griffin v. Wisconsin*, 483 U.S. 868, 878, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987), or subject to the reasonable suspicion standard applicable to *probation searches* under *United States v. Knights*, 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001).

4.   A convicted person serving a term of federal supervised release has a severely diminished expectation of privacy, making it reasonable and lawful for probation officers to walk on the supervisee's driveway during a required home visit and observe what they may in plain view.

5.   While a probation officer legally may seize contraband observed in plain view during a home visit, the probation officer may also consign his seizure authority to other law enforcement officers at the scene by notifying them of the discovery.

6.   The so-called "stalking horse" theory does not exist as a matter of law, since the objectives and duties of probation officers and law enforcement personnel are often parallel and frequently intertwined.  Accordingly, the law permits cooperation between probation officers and other law enforcement officials so that they may work together and share information to achieve their objectives.

*Id.* at 470-471.

In its decision in *Samson v. California*, 547 U.S. ____, 126 S.Ct. 2193 (2006), the Supreme Court cites *United States v. Reyes, supra* with approval in holding that a suspicionless search of a parolee does not violate the Fourth Amendment to the United States Constitution.

Once it was learned that the defendant had been arrested by the Niagara Falls police and charged with the weapons charge, the USPO officer fulfilled his

obligation of ensuring that the defendant, who was serving a term of federal supervised release, was not violating the conditions of his supervised release by conducting a search of the defendant's reported place of residence, to wit, 3231 Porter Road, Niagara Falls, New York.  This home visit by the probation officer was conducted "pursuant to a court imposed condition of federal supervised release of which the [defendant was] aware as evidenced by his signature on the "Supervised Release" form.  (*See* Docket #11, Exhibit 5 attached thereto, pp. 35-36).  *United States v. Reyes, supra* at 461-464.  Since there was no violation of the defendant's Fourth Amendment rights by reason of the search of his residence at 3231 Porter Road, Niagara Falls, New York and the seizure of the weapon and ammunition therefrom, it is RECOMMENDED that defendant's motion to suppress such evidence be DENIED.

### 3.   Defendant's Motion To Suppress Any Statements Allegedly Made By Him:

It is apparent to this Court that counsel for the defendant has cloned a segment of this motion to suppress from a prior motion as evidenced by the following:

> It is requested that the government provide to the defense all statements made by the defendant Chen (sic) relative to the charges which have been filed against him.

(Docket #10, p. 28, ¶ 90).

In its response, the government indicates that a statement was made by the defendant "to law enforcement officers" but that "this statement was freely and voluntarily made by the defendant subsequent to his having been advised of his

-11-

'Miranda' rights and acknowledging that he understood the same."  (Docket #11, p. 16).

Since the defendant has not presented anything of substance for this Court to consider with regard to his motion or to warrant holding an evidentiary hearing on the issue, it is RECOMMENDED that his motion to suppress his statement be DENIED.

**4.      Defendant's Motion For A Severance Of
          Count One Of the Indictment:**

The defendant seeks to sever Count 1 from Counts 2 and 3 of the indictment (Docket #1) and has filed an affidavit under seal setting forth the reasons as to why his request for relief should be granted.  (Docket #23).[2]

Count 1 of the indictment charges the defendant with unlawful possession of a Hi-Point, Model C, 9 mm caliber semi-automatic pistol on December 7, 2005. Counts 2 and 3 charge the defendant with unlawful possession of a weapon and ammunition on December 13, 2005.  The Count 1 weapon relates to the weapon recovered from 247 83rd Street, Niagara Falls, New York pursuant to the aforesaid search warrant.  Counts 2 and 3 relate to the weapon and ammunition recovered from the defendant's residence at 3231 Porter Road, Niagara Falls, New York by the USPO on December 13, 2005.

---

[2] The Court has ordered the affidavit to remain sealed and it has been assigned Docket #23).

Rule 8 of the Fed. R. Crim. P. allows for the joinder of separate offenses,

but

> the court may order separate trials or grant a severance
> under Rule 14 [Fed. R. Crim. P.] if it appears that the
> defendant is prejudiced by the joinder . . . .  In order to
> prevail, the defendant must show not simply some prejudice
> but *substantial* prejudice.
>
> *   *   *
>
> The defendant must make a 'convincing showing that he
> has both important testimony to give concerning one count
> and strong need to refrain from testifying on the other.

*United States v. Werner*, 620 F.2d 922, 928, 930 (2d Cir. 1980) (citations omitted).

The Second Circuit Court of Appeals has stated that:

> Courts have recognized that "[p]rejudice may develop when
> an accused wishes to testify on one but not the other of two
> joined offenses which are clearly distinct in time, place and
> evidence.'  *Cross v. United States*, 335 F.2d 987, 989 (D.C.
> Cir. 1964)."

*United States v. Sampson*, 385 F.3d 183, 190-191 (2d Cir. 2004), *cert. denied* 544 U.S.

924 (2005).

This Court has reviewed the defendant's affidavit sworn to October 5,

2006, filed under seal, wherein he iterates the reasons for needing the severance of

Count 1 from Counts 2 and 3 of the indictment and finds that the defendant has made a

particularized showing concerning the testimony he will give at a trial of Counts 2 and 3

of the present indictment if his motion for severance from Count 1 is granted along with

his reasons for wanting to remain silent with respect to Count 1 of the present indictment.  As a result, he has met his legal burden in support of his motion for severance, and it is therefore RECOMMENDED that the defendant's motion be GRANTED since this Court believes that a denial to sever would cause the defendant to suffer substantial prejudice.  However, it is pointed out that "the grant of relief under Rule 14 [Fed. R. Crim. P.] lies within the discretion of the trial judge and refusal to sever counts or defendants properly joined under Rule 8 will be reversed only if discretion was abused." *United States v. Werner, supra* at 926.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

 

 

S/ H. Kenneth Schroeder, Jr.

**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

DATED:     **Buffalo, New York**
           **May 29, 2007**